IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL MOLINA, | ) | |
|     Plaintiff | ) | C.A. No. 13-176 Erie |
| | ) | |
| v | ) | **District Judge Hornak** |
| | ) | **Magistrate Judge Baxter** |
| NANCY MCGARVIE, et al., | ) | |
|     Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that:

1. Defendant McGarvie's motion to dismiss, herein treated as a motion for summary judgment [ECF No. 18], be granted;

2. Defendant O'Rourke's motion to dismiss, herein treated as a motion for summary judgment [ECF No. 33], be granted; and

3. Plaintiff's motion to voluntarily dismiss his claims against Defendant Kim Smith [ECF No. 30] be granted, and Defendant Smith's motion to dismiss [ECF No. 27] be dismissed as moot.

By virtue of the foregoing, this case should be terminated and the Clerk should mark the case closed.

### II.    REPORT

#### A.    Relevant Procedural History

Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action on June 21, 2013, by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Defendants Nancy McGarvie

1

("McGarvie"), Medical Director at SCI-Forest; Kim Smith ("Smith"), Health Care Administrator at SCI-Forest; and Beverly O'Rourke ("O'Rourke"), Certified Registered Nurse Practitioner at SCI-Forest.

In his *pro se* complaint, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the eighth amendment to the United States Constitution. As relief for his claims, Plaintiff seeks declaratory and injunctive relief, and monetary damages.

On September 25, 2013, Defendant McGarvie filed a motion to dismiss [ECF No. 18], arguing that Plaintiff's claims against her should be dismissed because they fail to state claims upon which relief may be granted. Plaintiff filed a timely brief in opposition to Defendant McGarvie's motion on October 3, 2013 [ECF No. 24].

Defendant Smith filed her own motion to dismiss on October 17, 2013 [ECF No. 27]; however, in response, Plaintiff filed a motion to voluntarily dismiss his claims against Defendant Smith [ECF No. 30], which has not yet been granted.[1]

On November 1, 2013, Defendant O'Rourke filed a motion to dismiss [ECF No. 33], also arguing that Plaintiff's claims against her should be dismissed because they fail to state claims upon which relief may be granted. Attached to the brief in support of Defendant O'Rourke's motion are copies of Plaintiff's grievance records for this Court's review and consideration [ECF No. 34-1]. As a result, the Court issued an Order notifying Plaintiff that Defendant O'Rourke's

---

[1] Because Plaintiff voluntarily seeks to dismiss his claims against Defendant Smith, neither such claims, nor Defendant Smith's motion to dismiss such claims [ECF No. 27], will be addressed herein. Instead, the Court simply recommends that Plaintiff's motion [ECF No. 30] be granted and that Defendant Smith's motion [ECF No. 27] be dismissed as moot.

motion may be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, thereby instructing Plaintiff to file with his response any opposing documentary evidence he would like the Court to consider. [ECF No. 36]. To date, however, Plaintiff has not filed any response or documents in opposition to Defendant O'Rourke's motion. This matter is now ripe for consideration.

### B.     Relevant Factual History

Plaintiff was transferred from SCI-Graterford to SCI Forest on November 14, 2012. (ECF No. 3, Complaint, at ¶ 5). While at SCI-Graterford, Plaintiff alleges that he re-fractured his left ankle and was placed on Ultram, a prescribed pain medication. Plaintiff was also referred to an orthopedic specialist who allegedly informed Plaintiff that he required surgery to repair the damage to his ankle. Plaintiff agreed to have the surgery, but was transferred to SCI-Forest before surgery was scheduled. (Id. at ¶ 6). Plaintiff alleges that, after his transfer to SCI-Forest on November 14, 2012, Defendant McGarvie discontinued his pain medication. (Id. at ¶ 7).

In February 2013, Plaintiff was temporarily transferred back to SCI-Graterford, where he was again prescribed Ultram. (Id. at ¶ 8). Upon his return to SCI-Forest on March 14, 2013, Defendant McGarvie discontinued Plaintiff's pain medication. (Id. at ¶ 9). In response to Plaintiff's sick call request, Plaintiff was seen by Defendant McGarvie on March 18, 2013, at which time he complained of severe pain and requested to be placed back on pain medication, but the request was denied. (Id. at ¶¶ 11-12).

On April 1, 2013, Plaintiff submitted a sick call request to be placed on pain medication. In response, Plaintiff was seen by Defendant O'Rourke who allegedly told Plaintiff that his x-rays revealed a broken bone that "didn't heal right," but that she wasn't allowed to prescribe Ultram for the pain based on Defendant McGarvie's orders. Instead, she prescribed an anti-inflammatory medication.

On or about April 11, 2013, Plaintiff submitted a sick call request indicating that the medication prescribed by Defendant O'Rourke wasn't working and that he needed pain medication. In response, Defendant O'Rourke allegedly informed Plaintiff that there was nothing more she could do besides recommending physical therapy for his ankle. (Id. at ¶ 19).

On April 30, 2013, in response to an inmate request submitted by Plaintiff, Defendant Smith informed Plaintiff that he had been referred to a physical therapist, who he would be seeing "soon." (ECF No. 3-1, Exhibit A to Plaintiff's complaint). On May 29, 2013, in response to another inmate request from Plaintiff, Defendant McGarvie noted that Plaintiff was seen by a physical therapist who gave him an ankle support and exercise program. Defendant McGarvie observed that Plaintiff's x-rays revealed an old fracture from an accident in 2000 that never healed properly. She noted that Plaintiff could purchase Motrin and Tylenol from commissary for pain, and she prescribed an anti-inflammatory. (ECF No. 3-3, Exhibit C to Plaintiff's complaint).

### C. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be

granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260

5

F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

"Where the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine issue of material fact 'by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" Player v. Motiva Enterprises, LLC, 240 Fed.Appx 513, 522 n4 (3d Cir. 2007) quoting UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). If the moving party has satisfied its initial burden, the nonmoving

party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

In the medical context, a constitutional violation under the Eighth Amendment occurs

only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[2] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County

---

[2] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs by discontinuing his prescribed pain medication (Ultram) and refusing to refer him to a bone specialist. In response, Defendant O'Rourke has submitted copies of Plaintiff's grievance records, including the following initial response from Defendant Smith, dated April 3, 2013, which sheds greater light on Plaintiff's medical history and Defendant McGarvie's rationale for her medical decisions:

> Upon review of inmate Molina's record it is noted that inmate Molina was last seen by an orthopedic doctor on 3-2012. The documentation shows that his left ankle fracture is old from many years ago (8-9). He was found to have tendonitis and no acute injury to his ankle. Anti-inflammatory medication was recommended for his condition with instruction to wean from Ultram. He was shown exercises as well. His medical chart shows that there has been no new injury to his ankle in the past year that would require anything stronger than the anti-inflammatory medication that he has refused to take. Dr. McGarvie did review inmate Molina's medical record. He was not an acute postoperative patient and did not suffer an acute injury to his ankle. There was no medical need for Ultram and so it was discontinued. SCI Forest will not prescribe pain medications that are not needed because of those that may be drug seekers and become addicted to medication. A follow up x-ray in March 2013 shows no new injury – only his old fracture. Inmate Molina is encouraged [to] follow medical instructions already given to him. It is noted that inmate Molina has a history of hunger strikes and has threatened litigation in order to obtain the medical care that he feels he needs.
>
> Inmate Molina's grievance is denied and deemed frivolous. SCI Forest will

9

> not prescribe medical care that is not medically needed. All treatment plans prescribed by medical are based on clinical evidence. Inmate Molina shows no clinical evidence that he requires anything stronger than anti-inflammatory medication to manage his symptoms from his ankle fracture that occurred many years ago. He does not need Ultram or surgery at this time. He is encouraged to follow medical direction that has been given to him.

(ECF No. 34-1 at p. 8).

Based on the foregoing record, which has been unopposed by Plaintiff, the Court cannot find that any of the Medical Defendants were deliberately indifferent to Plaintiff's serious medical needs. Although Plaintiff's allegations make clear that he is dissatisfied with the medical treatment he has received at SCI-Forest and apparently believes that a different course of treatment may have been more appropriate and beneficial, "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. As a result, summary judgment should be granted in favor of Defendants O'Rourke and McGarvie and against Plaintiff on Plaintiff's claims against them.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. Defendant McGarvie's motion to dismiss, herein treated as a motion for summary judgment [ECF No. 18], be granted;

2. Defendant O'Rourke's motion to dismiss, herein treated as a motion for summary judgment [ECF No. 33], be granted; and

3. Plaintiff's motion to voluntarily dismiss his claims against Defendant Kim Smith [ECF No. 30] be granted, and Defendant Smith's motion to dismiss [ECF No. 27] be dismissed as moot.

By virtue of the foregoing, this case should be terminated and the Clerk should mark the case closed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

        s/Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: March 3, 2014

cc: The Honorable Mark R. Hornak
    United States District Judge